** PART I ** THE OKLAHOMA ATTORNEY GENERAL HAS DIRECTED ME TO PROVIDE YOU WITH AN INFORMAL OPINION ON THE FOLLOWING TWO QUESTIONS:
 1. WHAT PROTECTION DOES 10 O.S. 1109(D) (1990) PROVIDE FOR A CASA VOLUNTEER WHO IS TRANSPORTING, IN HIS OR HER VEHICLE, A CHILD NAMED IN A PETITION BEFORE THE COURT?
 2. WHETHER THE PROTECTION OFFERED TO CASA VOLUNTEERS UNDER 10 O.S. 1109(D) EXTENDS EQUALLY TO AGENCIES OPERATED AS NON-PROFIT CORPORATIONS OR AS ENTITIES OF COUNTY GOVERNMENT?
YOUR QUESTIONS RELATE TO THE IMMUNITY OF A COURT-APPOINTED SPECIAL ADVOCATE (CASA) VOLUNTEER WHO COMMITS TORTIOUS CONDUCT OUTSIDE THE CONFINES OF A COURTROOM, WHILE PRESUMABLY ACTING IN HIS COURT APPOINTED CAPACITY BY TRANSPORTING A CHILD TO A COURT HEARING. AS SUCH, MY ANALYSIS WILL BE LIMITED SOLELY TO QUESTIONS RELATING TO IMMUNITY FOR TORTIOUS CONDUCT ONLY, AND NOT OTHER POTENTIAL ISSUES, SUCH AS CIVIL RIGHTS VIOLATIONS OR CONTRACTUAL DISPUTES. FURTHER, MY DISCUSSION CANNOT PROVIDE YOU WITH A DEFINITE, CONCRETE ANSWER TO EITHER QUESTION, SINCE I CANNOT PREDICT WITH CERTAINTY HOW A PARTICULAR COURT MAY RULE. THIS OFFICE CAN ONLY APPRISE YOUR AGENCY OF ISSUES CONCERNING LIABILITY AND DEFENSES THAT MAY ARISE FROM THE FACTS SET FORTH IN YOUR TWO QUESTIONS. WITH THESE CAVEATS IN MIND, I WILL TURN TO YOUR FIRST QUESTION.
I. IMMUNITY CONFERRED UPON CASA VOLUNTEER BY 10 O.S. 1109(D)
TITLE 10 O.S. 1109(D), PROVIDES IN RELEVANT PART:
 "ANY PERSON PARTICIPATING IN A JUDICIAL PROCEEDING AS A COURT-APPOINTED SPECIAL ADVOCATE SHALL BE PRESUMED PRIMA FACIE TO BE ACTING IN GOOD FAITH AND IN SO DOING HALL BE IMMUNE FROM ANY CIVIL LIABILITY THAT OTHERWISE MIGHT BE INCURRED OR IMPOSED. (EMPHASIS ADDED)."
IF WE UTILIZE A BROAD CONSTRUCTION OF THE TERM JUDICIAL PROCEEDING" TO MEAN ALL ACTS BY A CASA VOLUNTEER THAT RE CONNECTED WITH HIS COURT-APPOINTMENT, THEN AT FIRST GLANCE, IMMUNITY WOULD APPEAR TO BE CONFERRED UPON THE VOLUNTEER IN OUR TRAFFIC ACCIDENT SCENARIO. IF, HOWEVER, WE UTILIZE A NARROW CONSTRUCTION OF "JUDICIAL PROCEEDING" TO MEAN ONLY THOSE PROCEEDINGS THAT TAKE PLACE WITHIN THE CONFINES OF THE COURTROOM, NO IMMUNITY WOULD LIE.
A GOVERNING PRINCIPLE IN STATUTORY CONSTRUCTION IS THAT THE ACTUAL WORDING OF A STATUTE PRESUMABLY REFLECTS THE INTENT OF THE LEGISLATURE. DARNELL V. CHRYSLER CORP., 687 P.2D 132 (OKLA. 1984). FURTHER, A STATUTE MUST BE INTERPRETED IN A WAY THAT GIVES A MEANING TO EACH PORTION OF THE STATUTE. ANDERSON V. O'DONOGHUE, 677 P.2D 648 (OKLA. 1983). WE WILL PRESUME THAT A CASA VOLUNTEER WHO TRANSPORTS A CHILD TO A HEARING IS ACTING IN HER COURT APPOINTED CAPACITY. AS SUCH, THE REQUIREMENT THAT THE VOLUNTEER BE "PARTICIPATING IN A JUDICIAL PROCEEDING" WOULD BE REDUNDANT IF WE ACCORD THAT PARTICULAR PHRASE A LIBERAL INTERPRETATION TO INCLUDE ALL INCIDENTS OF THE COURT APPOINTMENT. STATED ANOTHER WAY, IF A "JUDICIAL PROCEEDING" COVERS ALL INCIDENTS OF THE COURT APPOINTMENT, INCLUDING TRANSPORTING THE CHILD TO JUVENILE HEARINGS, THEN EVERYTHING A COURT-APPOINTED SPECIAL ADVOCATE DOES AS PART OF THAT COURT APPOINTMENT WOULD BE PART OF A "JUDICIAL PROCEEDING" ANYWAY! THUS DOING AWAY WITH THE NECESSITY OF THE "PARTICIPATING IN A "JUDICIAL PROCEEDING" PHRASE. BY GIVING MEANING TO EVERY PORTION OF THE IMMUNITY PROVISION, HAD THE OKLAHOMA LEGISLATURE NOT INTENDED TO LIMIT IMMUNITY SOLELY TO ACTS COMMITTED IN THE COURTROOM, THEN IT WOULD NOT HAVE INCLUDED THE REDUNDANT "PARTICIPATING IN A JUDICIAL PROCEEDING" PHRASE IN THE FIRST PLACE. FROM THIS, I WOULD CONCLUDE THAT "JUDICIAL PROCEEDING" MEANS ONLY THOSE ACTIVITIES THAT TAKE PLACE WITHIN A COURTROOM, AND THAT IMMUNITY WOULD ONLY EXTEND TO THOSE ACTIVITIES, AND NOT BEYOND.
FURTHER, THERE IS CASE LAW WHICH SHOWS A GENERAL HOSTILITY BY THE OKLAHOMA SUPREME COURT TOWARDS STATUTES THAT CONFER IMMUNITY. WHILE THESE CASES MAY BE DISTINGUISHABLE BECAUSE THEY DEAL WITH IMMUNITY CONFERRED UPON GOVERNMENTAL ENTITIES, RATHER THAN IMMUNITY CONFERRED UPON AN INDIVIDUAL, THEY ARE NEVERTHELESS INSTRUCTIVE. IN JARVIS V. CITY OF STILLWATER, 669 P.2D 1108 (OKLA. 1983), THE COURT ENTERTAINED THE QUESTION OF WHETHER A WORKER'S THIRD PARTY ACTION AGAINST A MUNICIPALITY COULD BE MAINTAINED, IN LIGHT OF A PROVISION IN THE POLITICAL SUBDIVISION TORT CLAIMS ACT THAT, ON ITS FACE, APPEARED TO RENDER THE MUNICIPALITY IMMUNE FROM LIABILITY. IN ULTIMATELY HOLDING THAT SUCH A PROVISION DID NOT, THE COURT STATED, "(W)E WILL NOT ENLARGE UPON A WORKER'S STATUTORY DISABILITY TO BRING A THIRD-PARTY TORT ACTION BY IMPLYING MUNICIPAL IMMUNITY FROM A LEGISLATIVE TEXT THAT IS SILENT, DOUBTFUL OR AMBIGUOUS." ID., AT 1111. SEE ALSO, INQRAM V. STATE, 786 P.2D 77, 80 (OKLA. 1990), WHERE THE COURT STATED, "IMMUNITY CANNOT BE DIVINED FROM A DOUBTFUL, AMBIGUOUS OR SILENT LEGISLATIVE TEXT", IN ADDRESSING IMMUNITY CONFERRED BY THE GOVERNMENTAL TORT CLAIMS ACT. A SUMMARY OF THESE DECISIONS WOULD INDICATE THAT IMMUNITY, UNLESS EXPRESSLY AND ARTICULATELY CONFERRED BY STATUTE, WILL NOT ARISE. 51 O.S. 151
HERE, THERE IS NOTHING IN THE IMMUNITY PROVISION OF 1109(D) TO INDICATE THAT IMMUNITY WOULD EXTEND OUTSIDE THE AREA OF "JUDICIAL PROCEEDINGS", WHICH, PURSUANT TO THE RULES OF STATUTORY CONSTRUCTION AS EXPLAINED ABOVE, IS LIMITED TO JUDICIAL PROCEEDINGS WITHIN THE CONFINES OF A COURTROOM. THE STATUTE IS SILENT AS TO ANY EXTENSION OF IMMUNITY TO INCLUDE ANY OTHER INCIDENTS OF A CASA APPOINTMENT. THEREFORE, IT IS QUESTIONABLE THAT THE OKLAHOMA SUPREME COURT WOULD EXTEND THAT IMMUNITY TO COVER TRAFFIC ACCIDENTS INVOLVING CASA VOLUNTEERS ACTING IN THEIR COURT-APPOINTED CAPACITY.
CONTRARY TO THE ABOVE ANALYSIS, HOWEVER, ARE SEVERAL ARGUMENTS IN FAVOR OF EXTENDING IMMUNITY TO COVER TRAFFIC ACCIDENTS INVOLVING CASA VOLUNTEERS. IT IS IMPORTANT TO NOTE THAT AN ARGUMENT FOR A BROAD INTERPRETATION OF "JUDICIAL PROCEEDING" STILL EXISTS, AND A COURT MAY NEVERTHELESS CONCLUDE THAT EVERYTHING A CASA VOLUNTEER DOES IN HER COURT-APPOINTED CAPACITY WOULD NECESSARILY CONSTITUTE PARTICIPATION IN A "JUDICIAL PROCEEDING". THEREFORE, THE OKLAHOMA LEGISLATURE MAY HAVE INTENDED TO CONFER IMMUNITY ON ALL INCIDENTS OF THE COURT APPOINTMENT, THE REDUNDANT "PARTICIPATING IN A JUDICIAL PROCEEDING" PHRASE NOTWITHSTANDING. ANOTHER ARGUMENT WOULD BE THAT BECAUSE IT IS HARD TO CONJURE MANY SITUATIONS WHERE A CASA VOLUNTEER COULD COMMIT ACTS WHILE IN A JUDICIAL PROCEEDING THAT WOULD SUBJECT THAT PERSON TO LIABILITY, THE LEGISLATURE COULD NOT HAVE INTENDED TO LIMIT IMMUNITY ONLY TO LEGAL PROCEEDINGS IN A COURTROOM. ALSO, THE SEEMINGLY HOSTILE ATTITUDE BY THE OKLAHOMA SUPREME COURT TOWARDS THE SCOPE OF IMMUNITY CONFERRED BY THE GOVERNMENTAL TORT CLAIMS ACT MAY BE LIMITED ONLY TO THE PECULIARITIES OF THAT PARTICULAR STATUTORY SCHEME, AND NOT TOWARDS ANY IMMUNITY CONFERRED BY 1109(D).
PLEASE NOTE, HOWEVER, THAT ASIDE FROM ANY IMMUNITY CONFERRED BY 1109(D), A CASA VOLUNTEER ACTING ON BEHALF OF A COUNTY CASA ORGANIZATION MAY BE ENTITLED TO IMMUNITY FROM SUIT FOR TORTIOUS CONDUCT UNDER THE OKLAHOMA GOVERNMENTAL TORT CLAIMS ACT, 51 O.S. 151 ET SEQ. THIS ISSUE WILL BE ADDRESSED IN THE FOLLOWING SECTION.